# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ABELARDO COIMBRE

    Petitioner,

v.                                        CASE NO.  8:16-cv-1739-T-24TBM
                                                                      8:11-cr-592-T-24TBM

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

Petitioner Abelardo Coimbre, represented by counsel, filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on June 23, 2016. The United States filed a motion to dismiss the § 2255 motion as untimely, to which Petitioner filed a response. With the Court's permission, the United States filed a reply to Petitioner's response. After due consideration, the Court finds Petitioner's motion should be dismissed as untimely.

Petitioner pled guilty to possessing and brandishing of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (count three), and possessing and brandishing of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (count five).  The underlying offenses and crimes of violence were robberies in violation of 18 U.S.C. §1951. The Court sentenced Petitioner to a term of imprisonment of 292 months on November 6, 2012.  Petitioner filed a direct appeal, and the Eleventh

Circuit granted the Government's motion to dismiss the appeal pursuant to the appeal waiver in Petitioner's plea agreement on July 9, 2013.

Petitioner now seeks relief under the auspices of § 2255. He claims that because the Armed Career Criminal Act's ("ACCA") residual clause is unconstitutionally vague, a similarly worded statute, 18 U.S.C. § 924(c)(1)(3)(B), is also unconstitutionally vague, and his sentence should be set aside. Petitioner's claim for relief rests on the decision in Johnson v. United States, 135 S.Ct. 2551 (2015), in which the Supreme Court held that the residual cause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague, a decision that was made retroactive on collateral review by the Supreme Court in Welch v. United States, 136 S.Ct. 1257 (2016). Petitioner seeks to extend the holdings in Johnson and Welch to 18 U.S.C. § 924(c) on collateral review. However, Petitioner's motion is untimely in that his conviction has been final for more than two years, and he cannot satisfy the exception to the one year statute of limitations under 28 U.S.C. § 2255(f)(3).

Johnson affords Petitioner no collateral relief with regard to his § 924(c) convictions. First, Johnson did not address the statute under which Petitioner was convicted. Instead, Johnson ruled on the constitutionality of the residual clause of the ACCA, § 924(e)(2)(B)(ii). The Supreme Court has never held that any part of § 924(c) is unconstitutionally vague. Nor has the Eleventh Circuit Court of Appeals extended Johnson's vagueness determination to § 924(c).

In addition, Petitioner's convictions under § 924(c)(3)(A) are valid regardless of whether the residual clause of § 924(c)(3)(B) is unconstitutional in light of Johnson. Petitioner's convictions in counts three and five were based on armed robberies charged in counts two and four, and armed robbery constitutes a crime of violence under the use, attempted use, or threatened use of force clause of § 924(c)(3)(A). The Court finds the case of In re Hines instructive in this matter. See In re Hines, 824 F.3d 1334, 1337 (11th Cir. 2016) (concluding that a companion conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), clearly qualifies as a crime of violence under the § 924(c)(3)(A) use of force clause without regard to the § 924(c)(3)(B) residual clause).

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that:

(1) The Government's motion to dismiss Petitioner's § 2255 motion as untimely (CV-Doc. 7) is **GRANTED**.

(2) Petitioner's Motion to Vacate (CV-Doc. 1; CR-Doc. 166) is **DISMISSED**.

(3) The Clerk is directed to enter judgment for the United States in the civil case and then **to CLOSE** the civil case.

**DONE AND ORDERED** at Tampa, Florida, on October 13, 2016.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record